UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLERK
US DISTRICT &
BANKRUPTCY COURTS

2010 FEB 12  P 9: 23

RECEIVED

|  |  |  |
|---|---|---|
| JOHN B. MANN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09-cv-02137-RCL |
| | ) | |
| DAVID CASTIEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION FOR STAY OR, ALTERNATIVELY, MOTION FOR ENLARGEMENT OF TIME IN WHICH TO FILE ANSWER

David Castiel, Cameran Castiel, and Ambassador Gerald B. Helman (retired) respectfully move this Court to stay this proceeding pending the resolution of related issues in In re Ellipso, Inc., Case No. 09-00148 (Chapter 11), Bankr. D.C. (Judge Teel). Alternatively, movants request an enlargement of time in which to file an answer until 30 days after all 31 named defendants have been served or dismissed. David Castiel tried to consult with Ronald Patterson, attorney for the plaintiffs, on this motion on 2010, by telephone on February 11, 2010 at 1:20 pm, but received no reply.

### BACKGROUND

The claims of plaintiffs' John Mann ("Mann"), Robert Patterson ("Patterson"), and their wholly owned entities, Mann Technologies, LLC ("Mann Tech") and The Registry Solutions Company ("TRSC"), originate in Ellipso, Inc. v. Mann et al.. Case No. 1:05-cv-01186-RCL (D.D.C.), which was filed on June 14, 2005. As this Court

may remember, in that case, Ellipso sued the four plaintiffs herein, primarily seeking recovery of certain stock pledged as collateral for a loan. After more than three years of litigation, this Court dismissed all of Ellipso's claims, all of the counterclaims of the four defendants who are now plaintiffs in this proceeding, and by Order dated January 29, 2009, awarded attorney fees to defendant Mann Tech.

The award of attorney fees caused Ellipso to file for bankruptcy on February 25, 2009. In re Ellipso, Inc., Case No. 09-00148 (Chapter 11), Bankr. D.C. (Judge Teel). The four defendants in Ellipso v. Mann then filed claims in the bankruptcy proceeding based on the attorney fee award, an arbitration award, and a plethora of other unliquidated claims. In the course of the bankruptcy proceeding, Mann, Patterson and Mann Tech also filed objections to the claims of David Castiel and Ambassador Gerald Helman, as well as others of the 31 named defendants herein who are also creditors of Ellipso. Furthermore, Mann submitted a plan of reorganization to buy Ellipso for $200,000 which provides the creditors with no cash payment for their claims and only the promise of future value in warrants.

On October 26, 2009, Mann, Patterson, Mann Tech and TRSC all amended their unliquidated proofs of claim to adopt as their unliquidated claims a copy of a draft 100 page complaint against 31 defendants, which include four law firms and their lawyers who had represented Ellipso; officers and directors of Ellipso; consultants to Ellipso; nine Ellipso subsidiaries; and the wife of David Castiel ("RICO Complaint"). The

RICO Complaint alleges every imaginable legal violation including, *inter alia*, RICO, antitrust, slander, malicious prosecution, and a multitude of other counts.

Then, on November 13, 2009, Mann, Patterson, Mann Tech, and TRSC filed the complaint in this action against the same 31 defendants named in the RICO Complaint. This complaint is virtually identical to the RICO complaint, although expanded to 128 pages to further enumerate counts against all defendants. Ellipso was not named as a defendant in this action because of the automatic stay imposed in bankruptcy.

Also on November 13, 2009, summonses were issued, for David and Cameran Castiel, [1] and seven subsidiaries of Ellipso which are not in bankruptcy. David and Cameran Castiel, however, were not served until January 27, 2010, when they became the first defendants to be served more than two months after the complaint was filed. [2] Ambassador Helman was served next on January 28, 2010. Summonses have now still only been issued for 16 of the 31 named defendants. To the best of our knowledge, however, we are the only three defendants who have been served thus far with this massive 128-page complaint. [3]

---

[1]     Cameran Castiel is the wife of David Castiel. She has never been an officer, director or employee of Ellipso or any of its subsidiaries.

[2]     Debtor's counsel (also named defendants) did not even learn that the RICO Complaint had been filed in District Court until December 22, 2009, after which they immediately sought to withdraw due to the ethical conflicts this created for them.

[3]     It is also our understanding that a summons was left at the office of Ambassador Richard Burt, but he was not personally served because he was in Europe and had not authorized his office to accept personal service for him. David Castiel and Helman initially had mistakenly thought that Burt had been served.

The threat of the RICO Complaint in bankruptcy court followed by the complaint filed in this Court without any service of summons was clearly a tactic intended to intimidate and harass creditors who were scheduled to vote on the Mann plan of reorganization on December 15, 2009.  The plaintiffs accomplished their objective as two creditors, James Bailey and Baker & Botts, withdrew their claims and did not vote against the Mann plan.

On February 1, 2010, David Castiel and Ambassador Helman filed an emergency motion with the bankruptcy court asking it to stay this District Court proceeding.  A copy of this motion is attached hereto as Attachment A.  This motion discusses in detail the relationship between the RICO Complaint filed as a claim against Ellipso in the bankruptcy proceeding and the complaint filed in this case.  On February 3, 2010, Judge Teel denied the emergency motion, suggesting that a motion for stay or enlargement of time would best be addressed to this Court.

THE NEED TO STAY THIS COURT PROCEEDING

The Ellipso bankruptcy proceeding and this action are inextricably intertwined. A determination of the merits of the RICO Complaint is required in the bankruptcy proceeding in order to rule on objections to these plaintiffs' claims by the debtor's counsel and to ascertain the creditor vote count on the Mann plan.  The claims in the RICO Complaint are also relevant to the determination of the objections of Mann, Patterson, and Mann Tech to the claims of David Castiel and Ambassador Helman, as well as these plaintiffs' objections to the claims of other creditors who are named as

4

defendants herein. Final rulings by Judge Teel on these claims will raise issues of res judicata and collateral estoppel that will need to be addressed by this Court.

Judge Teel has scheduled numerous trials and hearings on these claims and related issues for February 16, 2010. After that date, more hearings and trials may still be necessary before final rulings can be made on the many issues that are identical to those on which this Court must ultimately rule in this action. These bankruptcy rulings may also subsequently be the subject of appeals to this Court which is the superior tribunal of the bankruptcy court. Under the circumstances, judicial economy would be best served by allowing Judge Teel to make whatever rulings he may before requiring any defendant herein to begin defending against plaintiffs' claims and litigating the same issues in this Court.

In addition, if any of the Ellipso subsidiaries are served, they would be forced to file for bankruptcy because they have no funds. Their bankruptcies would likely be consolidated with the Ellipso bankruptcy and the automatic stay would apply with respect to them, affecting the course of litigation here. *Pro se* litigants such as the movants here simply lack the means to litigate the same issues in two separate proceedings at the same time. To require them to do so to protect their interests would be manifestly unfair.

## ALTERNATIVE REQUEST FOR ENLARGMENT OF TIME TO ANSWER

If this Court declines to stay this action pending resolution of the related bankruptcy issues, movants request an enlargement of time in which to file an answer to

5

the complaint until 30 days after all the 31 defendants have either been served or dismissed. This complaint is immensely complex, with 128 pages, 31 defendants, and more counts than we can count. The difficulty of answering is compounded by a lack of knowledge as to how many of the 31 named defendants will eventually actually be served. Moreover, because joint and several liability is asserted with respect to all the plaintiffs claims, all defendants ultimately served should know who all the other defendants-parties will be before preparing their defenses.

Simple fairness to the parties and the efficiencies of the Court suggest that all defendants should respond at the same time. Plaintiffs have obviously chosen the defendants least able to defend themselves to be the first to answer. Serving the complaint seriatim over the course of 120 days is plaintiffs' tactical litigation choice and should not be rewarded. If the stay request is denied, movants alternatively request an enlargement of time to answer until thirty days after the last day a defendant is served or dismissed.

For the reasons set forth above, David Castiel, Cameran Castiel, and Gerald Helman respectfully request that this motion for stay or, in the alternative, motion for enlargement of time be granted.

Dated February 12, 2010

Respectfully submitted,

_____
David Castiel, PRO SE


_____
Cameran Castiel, PRO SE


_____
Gerald B. Helman, PRO SE